UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**EDILBERTO I CAVERO,**

    **Plaintiff,**

v.                                    Case No.: 1:13-cv-22252-WJZ

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**
**WELLS FARGO BANK, N.A.,**
**JANE or JOHN DOE,**

    **Defendant.**
_____/

**<u>DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DE 1] FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendant, Wells Fargo Bank, N.A. ("<u>Wells Fargo</u>"), by and through its undersigned attorneys and pursuant to Rule 12(b)(6), Fed. R. Civ. P., and Local Rule 7.1(a), S.D. Fla. L.R., files this motion to dismiss Plaintiff Edilberto I. Cavero's Complaint [DE 1] for failure to state a claim upon which relief can be granted, and incorporated memorandum of law, and states in support as follows:

*A.*    *Background*

1.    On June 25, 2013, Plaintiff filed an action against Wells Fargo in the above-styled proceeding. [*See* DE 1.] Thereupon, the U.S. District Court for the Southern District of Florida issued a summons as to Wells Fargo, and Wells Fargo was served on July 2, 2013.

2.    Plaintiff attempted to plead three claims against Wells Fargo, including: Count II, for violation of the Fair Debt Collection Practices Act ("<u>FDCPA</u>"); Count III, for violation of the Fair Credit Reporting Act ("<u>FCRA</u>"); and, Count IV, for willful and negligent violations of the Florida Consumer Collection Practices Act ("<u>FCCPA</u>"). For the reasons set forth herein, each of

Plaintiff's claims against Wells Fargo fail to state a claim for relief that is plausible on its face, and each of Plaintiff's claims against Wells Fargo must be dismissed.

### B.     *Legal Standard*

3.     In order to state a claim, Rule 8(a)(2), Fed. R. Civ. P., requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." At the dismissal stage, though a court must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

4.     To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* In the specific context of an action, the court should draw on its judicial experience and common sense in determining whether a complaint states a plausible claim for relief. *Id.* at 679.

C.  *Count II Must be Dismissed*

5.  In Count II, Plaintiff alleges that Wells Fargo violated the FDCPA. Count II fails to state a claim upon which relief can be granted because Wells Fargo is not a "debt collector" with respect to the account that is the subject of this action. According to paragraph 15 of Plaintiff's Complaint, Defendant Portfolio Recovery Associates LLC acquired a certain account from Wells Fargo. Plaintiff nowhere alleges that Wells Fargo acquired said account from any third-party. Accordingly, Plaintiff has effectively alleged that Wells Fargo was the original creditor on the referenced account.

6.  The term "debt collector" does *not* include a "creditor", which is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed. *See* 15 U.S.C. §§ 1692a(4), (6). This exclusion extends to officers or employees of the creditor who collect debts for the creditor and in the name of the creditor. 15 U.S.C. § 1692a(6)(A). There is also an exclusion for "any person collecting or attempting to collect any debt owed ... to the extent such activity ... (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. §§ 1692a(6)(F)(ii) and (iii).

7.  Accordingly, a lender—such as Wells Fargo—that attempts in its own name to collect on a loan that the lender made to a borrower is not a "debt collector" under the FDCPA. This conclusion is confirmed as a matter of definition in the respective statutes, as set forth above, and as a matter of application in numerous court cases applying the statutes, as set forth below. If a creditor owns and holds a debt as the result of an acquisition, assignment, or merger, the creditor is *not* considered a debt collector unless the holder of the debt received "an assignment or transfer of the debt in default solely for the purpose of facilitating collection of

3
FOX ROTHSCHILD LLP

22011126v1

such debt for another." 15 U.S.C. § 1692a(4). Case law is consistent with the statute. It is well-settled that creditors that collect debts owed to them are not subject to claims under the FDCPA. *See*, *e.g.*, *Madura v. Lakebridge Condo. Ass'n Inc.*, 382 Fed. Appx. 862, 864 (11th Cir. 2010); *Aubert v. American General Finance, Inc.*, 137 F. 3d 976, 978 (7th Cir. 1998); *Perry v. Stewart Title Co.*, 756 F. 2d 1197, 1208 (5th Cir. 1985); *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980).

8. Even if Wells Fargo is a "debt collector" within the meaning of the FDCPA, Plaintiff's Count II fails to state a claim upon which relief can be granted because Plaintiff nowhere alleges that Wells Fargo made *any* representation to Plaintiff that was in violation of 15 U.S.C. § 1692e. *Cf. Huertas v. Galaxy Asset Management*, 641 F.3d 28, 32-33 (3d Cir. 2011). Instead, for example, Plaintiff alleges in paragraphs 37 and 39 of his Complaint that Wells Fargo's representative simply requested more information from Plaintiff regarding the subject loan account. For all of the reasons set forth above, Plaintiff's Count II must be dismissed.

**D.    Count III Must be Dismissed**

9. In Count III, Plaintiff alleges that Wells Fargo violated several provisions of the FCRA. Specifically, Plaintiff alleges that Wells Fargo is liable under 15 U.S.C. § 1681b for its employee's request for Plaintiff's consumer credit report. Further, Plaintiff alleges that Wells Fargo is liable for furnishing information, for failing to conduct an investigation, for failing to review all relevant information, and for failing to direct consumer reporting agencies to delete inaccurate information, in violation of various subsections 15 U.S.C. § 1681s-2.

10. With respect to the obtaining of a credit report, Plaintiff alleges in paragraph 15 of his Complaint that Defendant Portfolio Recovery Associates LLC acquired a certain account from Wells Fargo. (Plaintiff nowhere alleges that Wells Fargo itself acquired said account from

any third-party.) Accordingly, to the extent that Wells Fargo obtained Plaintiff's credit report, it did so for a use permitted under the FCRA. Specifically, the FCRA permits a consumer report to be furnished, *inter alia*, to an entity intending to review or collect an account of the consumer. 15 U.S.C. § 1681b(a)(3)(A); *see Huertas*, 641 F.3d at 34. Accordingly, insofar as it is based on section 1681b, Plaintiff's Count III must be dismissed.

11. With respect to accurate furnishing of information, it is well settled that there is no private right of action under 15 U.S.C. § 1681s-2(a). *See*, *e.g.*, *Pieta v. USAA Group*, No. 3:13cv322/MCR/EMT, 2013 WL 3810891, at *3 (N.D. Fla., July 22, 2013), *Pelcher v. City of Miami*, No. 13-20539-CIV-ALTONAGA/Simonton, 2013 WL 2107178, at *2 (S.D. Fla., May 8, 2013); *Groves v. U.S. Bank, N.A.*, No. 8:10-CV-2665-T-17TGW, 2012 WL 360197, at *6 (M.D. Fla., Feb. 2, 2012); *Antoine v. State Farm Mut. Auto. Ins. Co.*, 662 F. Supp. 2d 1318, 1327 (M.D. Fla. 2009). Accordingly, insofar as it is based on section 1681s-2(a), Plaintiff's Count III must be dismissed with prejudice.

12. With respect to violations of 15 U.S.C. § 1681s-2(b), a private cause of action exists *only* if notice was given to the furnisher of the information (here, alleged to be Wells Fargo) from a consumer credit reporting agency. *See Pelcher*, 2013 WL 2107178, at *2; *Groves*, 2012 WL 360197, at *6; *Pieta*, 2013 WL 3810891, at *4-5. Here, Plaintiff has not alleged that Wells Fargo violated a statutory duty *after* receipt of a report *from a consumer credit reporting agency*. Accordingly, insofar as it is based on section 1681s-2(b), Plaintiff's Count III must be dismissed.

E. **Count IV Must be Dismissed**

13. Count IV is Plaintiff's claim under the FCCPA, which is a state law claim. To the extent that Plaintiff's FCCPA claim is based on the alleged disclosure of false information to

credit reporting agencies, Plaintiff's FCCPA claim is preempted by the FCRA. *See* 15 U.S.C. § 1681t; *Osborne v. Vericrest Financial, Inc.*, No. 8:11-cv-716-T-30TBM, 2011 WL 1878227, at *2 (M.D. Fla., May 17, 2011).

14. Because Counts II and III are subject to dismissal as to Wells Fargo, the Court should decline to exercise jurisdiction over Plaintiff's state law claim and should dismiss Count IV without prejudice. *See Groves*, 2012 WL 360197, at *8. Substantively, Plaintiff's conclusory allegations regarding Wells Fargo's alleged violations of the FCCPA based on a lawful request of a credit report and on disputed account information (for which dispute Plaintiff himself alleges Wells Fargo was engaged in follow-up for more information), are insufficient to state a plausible cause of action under the FCCPA. *See Meier v. Deutsche Bank Trust Co. Americas as Trustee and Custodian for GSAA 2006-2 formerly known as Banker's Trust Co.*, No. 2:09-cv-169-FtM-29SPC, 2012 WL 1288764, at *2 (M.D. Fla., April 16, 2012). Moreover, Plaintiff has not pled Wells Fargo's "actual" knowledge of impropriety or overreach of any claim against Plaintiff. *See Lamb v. Household Finance Corp. III*, 409 B.R. 534, 541-42 (Bankr. N.D. Fla. 2009); *Cooper v. Litton Loan Servicing*, 253 B.R. 286, 290 (Bankr. N.D. Fla. 2000). For all of these reasons, Count IV must be dismissed.

**F.     *Alternatively, the Court Must Require Plaintiff to Plead a More Definite Statement***

15. Alternatively, Wells Fargo requests that the Court require Plaintiff to plead a more definite statement of his claims against Wells Fargo. Under Rule 12(e), Fed. R. Civ. P.: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." For example, in paragraph 2 of his Complaint, Plaintiff refers to "Collection Company Defendants". However, that term is not defined in the Complaint. Moreover, Rule 10,

Fed. R. Civ. P., requires that a "party state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence … be stated in a separate count." *See*, *e.g.*, *Desrouleaux v. Quest Diagnostics, Inc.*, 09-61672-CIV, 2009 WL 5214964, at *2 (S.D. Fla., Dec. 29, 2012).

16. Count II of Plaintiff's Complaint is vague and ambiguous because, *e.g.*: (i) Plaintiff does not explain how Wells Fargo, a national banking association and original creditor, is a "debt collector"; (ii) Plaintiff includes multiple alleged violations the FDCPA with the conjunction "or", which renders ambiguous the allegations to which Wells Fargo must respond; and, (iii) Plaintiff does not allege that Wells Fargo undertook any "debt collection" activities with respect to the subject alleged indebtedness.

17. Count III of Plaintiff's Complaint is vague and ambiguous because, *e.g.*, (i) Plaintiff alleges in the same clause that Wells Fargo willfully violated the FCRA *and* negligently violated the FCRA; and, (ii) Plaintiff combines multiple potential alleged violations of the FCRA by Defendants in a single count.

18. Count IV of Plaintiff's Complaint is vague and ambiguous because, *e.g.*, (i) Plaintiff alleges in the same clause that Wells Fargo willfully violated the FCCPA *and* negligently violated the FCCPA; and, (ii) Plaintiff combines multiple potential alleged violations of the FCCPA by Defendants in a single count. For each of these counts and claims for relief, Wells Fargo desires to know exactly what Wells Fargo is alleged to have done with respect to Plaintiff.

WHEREFORE, Defendant, Wells Fargo Bank, N.A., respectfully requests that the Court (i) grant Wells Fargo Bank, N.A.'s motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted; (ii) dismiss Plaintiff's Complaint; or, alternatively (iii)

22011126v1

order Plaintiff to provide a more definite statement of his claims against Wells Fargo Bank, N.A., within 14 days after notice of the Court's order hereon; and, (iv) grant such other and further relief in favor of Wells Fargo Bank, N.A., as the Court deems just and proper.

Date: August 6, 2013.

           Respectfully submitted,

           FOX ROTHSCHILD LLP
           222 Lakeview Avenue, Suite 700
           West Palm Beach, FL 33401
           Telephone: (561) 835-9600
           Facsimile: (561) 835-9602

By: */s/ Thomas C. Allison*
      Thomas C. Allison
      Florida Bar No. 35242
      tallison@foxrothschild.com

*Attorneys for Wells Fargo Bank, N.A.*

*Cavero v. Portfolio Recovery Associates LLC, et al.*
Case No. 1:13-cv-22252-WJZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF and by regular U.S. Mail to all parties on the below list on this <u>6th</u> day of August, 2013.

>Fox Rothschild LLP
>222 Lakeview Avenue, Suite 700
>West Palm Beach, FL 33401
>Telephone: (561) 835-9600
>Facsimile: (561) 835-9602
>
>By: */s/ Thomas C. Allison*
>       Thomas C. Allison
>       Florida Bar No. 35242
>       tallison@foxrothschild.com
>
>*Attorneys for Wells Fargo Bank, N.A.*

**SERVICE LIST:**

Edilberto I. Cavero, *pro se*
1421 SW 107th Ave., #259
Miami, FL 33174
ecavero@aol.com