UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDILBERTO I. CAVERO,

       Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,
WELLS FARGO BANK, N.A.,
JANE or JOHN DOE,

       Defendants.

_____/

CASE NO.  1:13-cv-22252-WJZ

**PORTFOLIO RECOVERY ASSOCIATES, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Portfolio Recovery Associates, LLC ("Portfolio") hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint"), stating as follows:

1. Portfolio admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Florida Consumer Collection Practices Act ("FCCPA") in Paragraph 1 of the Complaint, but denies that Portfolio violated any of these statutes in any way.  Except as herein admitted, the remaining allegations in Paragraph 1 of the Complaint are denied.

2. The allegations contained in Paragraph 2 of the Complaint call for legal conclusions to which no response is required, and it is unclear who Plaintiff is referring to with the statement "Collection Company Defendants" as this appears to be a defined term, but it is not

actually defined in the Complaint.  To the extent a response is required, Portfolio denies the allegations contained in Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Portfolio states that it lacks sufficient information to admit or deny the allegations set forth in Paragraph 3 of the Complaint, and therefore denies the same.

4. The allegations contained in Paragraph 4 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Portfolio states that it lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 of the Complaint, and therefore denies the same.

5. Denied.

6. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 5 of the Complaint, therefore denied.

7. Portfolio admits that it is a Delaware Limited Liability Company with its headquarters in Norfolk, Virginia and that it lawfully transacts business in Florida amongst other locations.  Except as herein admitted, the remaining allegations in Paragraph 7 of the Complaint are denied.

8. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 8 of the Complaint, therefore denied.

9. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 9 of the Complaint, therefore denied.

10. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 10 of the Complaint, therefore denied.

11. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 11 of the Complaint, therefore denied.

12. Denied.

13. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 13 of the Complaint, therefore denied.

14. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 14 of the Complaint, therefore denied.

15. Denied.

16. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 16 of the Complaint, therefore denied.

17. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 17 of the Complaint, therefore denied.

18. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 18 of the Complaint, therefore denied.

19. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 19 of the Complaint, therefore denied.

20. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 20 of the Complaint, therefore denied.

21. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 21 of the Complaint, therefore denied.

22. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 22 of the Complaint, therefore denied.

23. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint, therefore denied.

24. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 24 of the Complaint, therefore denied.

25. Denied.

26. Denied.

27. Denied.

28. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 28 of the Complaint, therefore denied.

29. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 29 of the Complaint, therefore denied.

30. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 30 of the Complaint, therefore denied.

31. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 31 of the Complaint, therefore denied.

32. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 32 of the Complaint, therefore denied.

33. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 33 of the Complaint, therefore denied.

34. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 34 of the Complaint, therefore denied.

35. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 35 of the Complaint, therefore denied.

36. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 36 of the Complaint, therefore denied.

37. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 37 of the Complaint, therefore denied.

38. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 38 of the Complaint, therefore denied.

39. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 39 of the Complaint, therefore denied.

40. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 40 of the Complaint, therefore denied.

41. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 41 of the Complaint, therefore denied.

**COUNT I**

42. Portfolio realleges and incorporates by reference Paragraphs 1 through 28 above as if fully set forth herein.

43. Denied.

44. Paragraph 44 purports to be a recitation of 47 U.S.C. §227(b)(1)(A), and therefore requires no response from Portfolio. To the extent a response is required, Portfolio states that the statute speaks for itself. Except as herein admitted, the remaining allegations in Paragraph 44 of the Complaint are denied.

45. Denied.

46. Paragraph 46 purports to be a recitation of 47 U.S.C. §227(b)(3)(B), and therefore requires no response from Portfolio. To the extent a response is required, Portfolio states that the

statute speaks for itself. Except as herein admitted, the remaining allegations in Paragraph 46 of the Complaint are denied.

47. Denied.

48. Denied. Portfolio further denies the allegations in the "WHEREFORE" Paragraph of the Complaint below Paragraph 48, and denies that Plaintiff is entitled to any judgment, damages, relief, and/or award from Portfolio.

## COUNT II

49. Portfolio realleges and incorporates by reference Paragraphs 1 through 9 and 29 through 41 as if fully set forth herein.

50. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 50 of the Complaint, therefore denied.

51. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 51 of the Complaint, therefore denied.

52. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 52 of the Complaint, therefore denied.

53. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 53 of the Complaint, therefore denied.

54. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 54 of the Complaint, therefore denied.

55. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 55 of the Complaint, therefore denied.

## COUNT III

56. Portfolio realleges and incorporates by reference Paragraphs 1 through 9 and 29 through 41 as if fully set forth herein.

57. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 57 of the Complaint, therefore denied.

58. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 58 of the Complaint, therefore denied.

59. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 59 of the Complaint, therefore denied.

60. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 60 of the Complaint, therefore denied.

61. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 61 of the Complaint, therefore denied.

62. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 62 of the Complaint, therefore denied.

63. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 63 of the Complaint, therefore denied.

**COUNT IV**

64. Portfolio realleges and incorporates by reference Paragraphs 1 through 41 as if fully set forth herein.

65. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 65 of the Complaint, therefore denied.

66. Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 66 of the Complaint, therefore denied.

67. Paragraph 67 purports to be a recitation of Florida Statute 559.715, and therefore requires no response from Portfolio. To the extent a response is required, Portfolio states that the statute speaks for itself. Except as herein admitted, the remaining allegations in Paragraph 67 of the Complaint are denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied. Portfolio further denies the allegations in the "WHEREFORE" Paragraph set forth below Paragraph 71 of the Complaint and denies that Plaintiff is entitled to any judgment, damages, relief, and/or award from Portfolio.

## GENERAL DENIAL

Portfolio denies all allegations in the Complaint not expressly admitted.

## DEFENSES

### First Affirmative Defense

Plaintiff's claim is barred, in whole or in part, for failure to state a claim on which relief can be granted.

### Second Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because Plaintiff suffered no damages as a result of Portfolio's alleged conduct.

### Third Affirmative Defense

Any violation of the law or damage allegedly suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim for

damages against Portfolio.

### Fourth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### Fifth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the failure to mitigate damages.

Portfolio expressly and specifically reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may or will be developed through discovery or further legal analysis of Plaintiff's claim and Portfolio's position in this litigation.

### Sixth Affirmative Defense

To the extent that any violation of law occurred, which Portfolio expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### PRAYER FOR RELIEF

WHEREFORE, Portfolio prays that the Court determine and adjudge as follows:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiff take nothing by the Complaint;
3. That Portfolio be awarded all of its costs, disbursements, and expenses incurred herein; and,
4. That the Court award such other and further relief as it deems just and proper.

Dated this 6th day of August, 2013.    /s/ Sharina T. Romano
Sharina Talbot Romano
Fla. Bar No. 65501
Portfolio Recovery Associates, LLC
140 Corporate Boulevard
Norfolk, VA  23502
(757) 481-8365
(757) 321-2518 (fax)
stromano@portfoliorecovery.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF and by regular U.S. Mail to the following parties on August 6, 2013:

Thomas Charles Allison
Fox Rothschild LLP
222 Lakeview Avenue
Suite 700
West Palm Beach, FL 33401
tallison@foxrothschild.com
*Attorney for Wells Fargo Bank, N.A.*

Edilberto I. Cavero
1421 SW 107 Ave., #259
Miami, FL 33174
ecavero@aol.com
*Plaintiff*

                              */s/ Sharina T. Romano*
                              Sharina T. Romano, Esq.